UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

A<span>NGELICA</span> C<span>ASTIBLANCO</span> and A<span>NGEL</span> R<span>AMIREZ</span>, §
§
*Plaintiffs*, §
§
v. § C<span>IVIL</span> A<span>CTION</span> H-12-473
§
W<span>ELLS</span> F<span>ARGO</span> B<span>ANK</span>, N.A., *et al.,* §
§
*Defendants*. §

## O<span>RDER</span>

Pending before the court is a motion for entry of an order awarding attorneys' fees and costs filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal National Mortgage Association ("Fannie Mae") (collectively, the "defendants"). Dkt. 21. Plaintiffs Angelica Castiblanco and Angel Ramirez (the "plaintiffs") have not responded to defendants' motion, and it will therefore be treated as unopposed. S.D. T<span>EX</span>. L.R. 7.4. Having considered the brief and accompanying evidence, the defendants' motion is **GRANTED IN PART & DENIED IN PART**.

### I. B<span>ACKGROUND</span>

On April 28, 2009, plaintiffs executed a note (the "note") in the principal amount of $106,603.00 for the purchase of a home in Richmond, Texas (the "property"). Dkt. 12, Ex. A. The note was secured by a deed of trust (the "deed of trust"). Dkt. 12, Ex. B. In late 2010, plaintiffs defaulted on their obligations under the note and the deed of trust. Dkt. 12, Ex. K.

On January 18, 2012, plaintiffs filed a lawsuit to stop foreclosure, and defendants removed it to this court. Dkt. 1. Plaintiffs alleged the following claims in their original petition: (1) breach of contract premised on a violation of HUD regulations; (2) violations of the Real Estate Settlement Procedures Act; (3) wrongful foreclosure; (4) breach of the duty of good faith and fair dealing;

(5) negligence and negligence *per se*; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. Dkt. 1, Ex. 2 (original petition). On November 13, 2012, defendants filed a combined motion to dismiss and motion for summary judgment. Dkt. 12. Plaintiffs did not respond to that motion. On August 1, 2013, the Magistrate Judge recommended that the court grant defendants' dispositive motion and dismiss plaintiffs' claims. Dkt. 18. This court agreed and adopted the recommendation on August 23, 2013. Dkt. 19. The court also entered final judgment in favor of the defendant on the same day. Dkt. 20.

On September 4, 2013, defendants filed a motion for attorneys' fees and costs, requesting recovery from plaintiffs pursuant to Federal Rule of Civil Procedure 54(d).[1] Dkt. 21. Defendants seeks attorneys' fees in the amount of $16,783.00 and costs in the amount of $856.67, totaling $17,639.67. *Id.*, Ex. C (affidavit of George Kurisky) at 2 ¶ 4. Plaintiffs did not respond, and the motion is considered unopposed.[2]

## II. LEGAL STANDARD

Even after the entry of final judgment, a district court retains jurisdiction to determine attorneys' fees. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–200, 108 S. Ct. 1717 (1988); *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996); *see also Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 253 (5th Cir. 2004) (explaining that a motion for attorneys' fees is considered a collateral motion).

---

[1] A party seeking attorneys' fees must normally file a motion no later than fourteen days after entry of judgment, specifying the grounds entitling the moving party to the award of such fees and stating the amount or a fair estimate of the amount sought. *See* FED. R. CIV. P. 54(d)(2)(B).

[2] *See* S.D. TEX. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition.").

2

1.      **Attorneys' Fees**

Under the traditional "American Rule," each side bears the costs of its own attorney, unless a statute or contract provides otherwise. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S. Ct. 1612 (1975); *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006). Because subject-matter jurisdiction here is premised on complete diversity of citizenship, the court will look to Texas state law in determining the merits of the fee request. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision"). Under Texas law, a party may recover attorneys' fees when such recovery is provided for by contract. *See In re Velazquez*, 660 F.3d 893, 895–96, 899–900 (5th Cir. 2011). Texas courts determine the reasonableness of attorneys' fees and related expenses by applying the eight *Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood…that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* "[E]vidence of each of the *Andersen* factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no

3

pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied).

### 2. Costs

"The district court has broad discretion in determining the appropriateness of an award of attorneys' fees and costs." *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 478 (5th Cir. 2002) (citing *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)). Rule 54(d)(2)(A) controls costs awarded under a contract and generally provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion." FED. R. CIV. P. 54(d)(2)(A); *Hancock v. Chi. Title Ins. Co*, 3:07-CV-1441-D, 2013 WL 2391500, at *13 (N.D. Tex. June 3, 2013).

### III. ANALYSIS

Defendants argue that the deed of trust and the note entitle them to collect reasonable and necessary expenses in this case. Dkt. 21 at 3–5. Specifically, defendants contend that Section 9 of the deed of trust entitles them to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument," including specifically "paying reasonable attorneys' fees." Dkt. 21, Ex. B (deed of trust) at 7–8 ¶ 9. Defendants further argue that Section 6 of the Note requires plaintiffs to pay back "all of [their] costs and expenses in enforcing this Note," and that "[t]hose expenses include, for example, reasonable attorneys' fees." Dkt. 21, Ex. A (the note) at 2 ¶ 6(E).

The requirements for the recovery of attorneys' fees and costs set out by section 9 of the deed of trust have been satisfied. It is not in dispute that plaintiffs were in default on their obligations under the note and deed of trust. To prevent defendants from foreclosing on the property, plaintiffs

4

filed this lawsuit which could have affected the lien on the property. Defendants are therefore entitled to recover reasonable and necessary attorneys' fees and costs incurred to defend this lawsuit.

### 1. Attorneys' Fees

Defendants seek $16,783.00 in attorneys' fees, which they assert are reasonable and necessary. Dkt. 21. They attach a declaration of a partner on the case who indicates that the fees are consistent with the usual and customary fees charged in the Southern District for similar cases. *Id.*, Ex. C at 2 ¶ 4. They also attach invoices documenting the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required. Dkt. 21, Ex. C at 3–6. Johnson DeLuca Kurisky & Gould, P.C.'s ("Johnson DeLuca") hourly rate in this case for the partner was $400.00 per hour, and the hourly rate for associates was $250.00 per hour. *Id.* at 2 ¶ 5.

The court finds that the rates charged by Johnson DeLuca are reasonable compared with attorneys with similar experience in this market. The court further finds that the number of hours worked and billed are reasonable as compared to the time and labor required to perform similar legal services. The court therefore finds that it will award fees based on the total billed and worked time on the case, which was 46.20 hours. *See* Dkt. 21, Ex. C at 6 (top line). Accordingly, the court **GRANTS** defendants' motion for attorneys' fees in part, for fees totaling $11,282.00.

### 2. Expenses.

Consistent with the reasoning above, the court will award costs for reasonable and necessary expenses that were billed to counsel's clients. The total billed expenses on this case, which the court finds were reasonable and necessary, totaled $846.11. *See id.* (penultimate line).

IV. CONCLUSION

For the foregoing reasons, defendants' motion for attorneys' fees and costs (Dkt. 21) is **GRANTED IN PART & DENIED IN PART**. It is further **ORDERED** that plaintiffs pay defendants the reasonable and necessary attorneys' fees defendants incurred in defending this lawsuit, as determined by this court above, namely **$12,128.11**. The court will enter an amended final judgment consistent with this order.

Signed at Houston, Texas on November 19, 2013.

_____
Gray H. Miller
United States District Judge